IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:20-cr-0126(6) |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| : | |
| DANIEL GARY ALLDER, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Daniel Gary Allder's Motion for Severance. (ECF No. 132). For the reasons set forth below, Mr. Allder's Motion is **DENIED**.

**I. BACKGROUND**

On July 30, 2020, the United States filed a four-count indictment against Defendant Denia Idelca Avila and four other co-conspirators: Defendants Jessica Elizabeth Wise; Ellis Latrent Ray, II; Michael Keith Ousley; and Jerry McCallister. (ECF No. 17). Specifically, the Government alleged the Co-Defendants engaged in a conspiracy to kidnap Victim #1 from November 13, 2019 to December 4, 2019. The Government also alleged that members of the conspiracy engaged in two attempted kidnappings, which targeted both Victim #1 and Victim #2, on November 25, 2019 and December 4, 2019. Members of the conspiracy also allegedly impersonated U.S. Immigration officials.

Defendant Ousley entered into a plea agreement on October 19, 2021. (ECF No. 50). The Government then filed a superseding indictment on October 21, 2020, which added a new count of conspiracy to witness tamper against Defendant Avila and new Defendant Daniel Gary Allder. (ECF No. 57). In the new charge, the Government alleged that, after officers made contact with Defendant Avila on December 5, 2019, Ms. Avila and Mr. Allder conspired to have Victim #1

deported by communicating information about him to U.S. Immigration and Customs Enforcement ("ICE") in order to make him unavailable for the grand jury investigation and related hearings. Aside from adding the count of conspiracy to witness tamper and removing Mr. Ousley as a defendant, no other substantive changes were made to the superseding indictment.

Over the next several months, Defendants McCallister, Wise, and Ray each entered into plea agreements. (ECF Nos. 112, 135, 150). Following these agreements, only Defendants Avila and Allder remained active defendants in the case. Then, on June 3, 2021, the Government filed a second superseding indictment, adding charges of conspiracy to commit kidnapping and attempted kidnapping against new Defendant Antwuan Green, Jr. (ECF No. 147). Mr. Green was charged with participating in the kidnapping conspiracy and the November 25, 2019 attempted kidnapping, along with Ms. Avila. The substantive charges against Defendants Avila and Allder remained unchanged in the second superseding indictment.

Trial in this case is set to begin on Monday, August 30, 2021. On May 17, 2021, Mr. Allder timely filed a motion to sever. (ECF No. 132). Mr. Allder raises two arguments in support of his motion to sever. First, he argues that requiring him to be tried jointly with Ms. Avila and Mr. Green will prejudice him due to the varying degrees of culpability among the Co-Defendants and the "spillover effect." (ECF No. 132 at 7). Second, Mr. Allder argues that his Sixth Amendment right to confront his witnesses could be implicated if the Government introduces statements by Ms. Avila regarding Mr. Allder's conduct, and Ms. Avila chooses not to testify at the joint trial. In this scenario, Mr. Allder would not be able to cross examine Ms. Avila on any such statements. (*Id.* At 9–10). The same holds true if the Government were to introduce a statement by Mr. Green during a joint trial.

## II. STANDARD OF REVIEW

Rule 8(b) of the Federal Rules of Criminal Procedure permits multiple defendants to be indicted together so long as "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 2003). The trials of defendants properly joined under Rule 8 may be severed, however, if a joint trial "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Whether to grant a severance is within the sound discretion of the district court. *See United States v. Caver*, 470 F.3d 220, 238–39 (6th Cir. 2006).

The Supreme Court has acknowledged a preference for joint trials because they generally "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). District courts should permit severance under Rule 14(a) "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

To succeed on a motion to sever, a defendant "must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). Appellate courts will not reverse a trial court's decision to sever, unless it can be shown that the severance prejudiced a defendant in some way. *United States v. Furness*, No. 3:19-cr-098(4), 2021 WL 736900, at *1 (S.D. Ohio Feb. 25, 2021) (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).

# III. LAW & ANALYSIS

## A. Risk of Prejudice from a Joint Trial

In considering Mr. Allder's motion to sever under Rule 14, this Court weighs the potential risk of prejudice to Mr. Allder from a joint trial against the preference for judicial economy. *See United States v. Georges*, No. 2;20-cr-157 (2), 2021 WL 115616074, at *2 (S.D. Ohio Apr. 26, 2021). Although there is a strong preference for joint trials when defendants are indicted together, Rule 15 permits the Court to grant a severance of properly joined defendants or "provide whatever other relief justice requires." *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (quoting Fed. R. Crim. P. 14). Defendants are not entitled to a separate trial solely because their odds of acquittal may improve if the severance is granted. *Id.* (citing *United States v. Warner*, 971 F.3d 1189, 1196 (6th Cir. 1992).

The Supreme Court has acknowledged that the risk of prejudice to a criminal defendant from a joint trial is heightened when "defendants are tried together in a complex case and they have markedly different degrees of culpability." *Zafiro*, 506 U.S. at 539. Typically, a defendant must allege "compelling, specific, and actual prejudice" to succeed on a motion to sever. *Gardiner*, 463 F.3d at 473. Risk of prejudice may arise from what has been termed "spillover effect," which describes the risk that a jury will convict a defendant "not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators." *See United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985) (quoting *United States v. Tolliver*, 541 F.2d 958, 962 (2d Cir. 1976)). Ultimately, the decision to sever is committed to the district court's sound discretion.

Defendant Allder asks this Court to sever his trial from the trial of his Co-Defendants partly on the basis of the spillover effect. Mr. Allder points to several ways in which he may suffer from

a spillover effect if he is tried jointly with Defendants Avila and Green. First, he notes that Defendants Avila and Green are charged with conspiring to kidnap and individual instances of attempted kidnapping, but that he was not implicated in these charges. He argues that the jury will likely assume that he was involved in the conspiracy and/or the attempted kidnappings, even though he was not charged with this conduct, and this will make it difficult for the jury to relate evidence to the proper defendants. Next, Mr. Allder emphasizes the discrepancy in charges between Defendants Avila and Green—who collectively face one count of conspiracy, two counts of attempted kidnapping, and one count of impersonating a government official—and his sole charge of conspiracy to witness tamper, which also implicates Defendant Avila.

The Sixth Circuit recognizes that "the existence of a 'spillover' or 'guilt transference' effect," depends in part "on whether the number of conspiracies and coconspirators involved were too great for the jury to give each defendant the separate and individual consideration of the evidence against him to which he was entitled." *Gallo*, 763 F.2d at 1526 (quotation and ellipsis omitted). Here, there are just two conspiracies related to carrying out the attempted kidnappings of Victim #1 (which involve Defendants Avila and Green) and one conspiracy related to witness tampering of Victim #1 (which involves Defendants Avila and Allder). Moreover, these two schemes are not so numerous as to cause confusion or create a significant risk of prejudice to Allder. That the two conspiracy schemes are separated temporally further decreases the risk of prejudice, as do the limited number of counts in this case (five) and the limited number of total defendants (three).

Moreover, joint trials serve judicial economy and the speedy trial rights of defendants. This is especially true when there is significant overlap between the evidence necessary to prove both cases and much of the same testimony would be introduced against each defendant. *United States*

*v. Reed*, 647 F.2d 678, 689 (6th Cir. 1981). In this case, if severance were granted, there would be significant factual and witness overlap between the two cases, because the Government would still need to establish the existence of the kidnapping conspiracy and attempted kidnappings in order to show why Defendants Avila and Allder engaged in the conspiracy to witness tamper. Of course, the Government will need to put forth additional evidence against Defendants Avila and Green due to the fact that they are charged with additional misconduct, but this alone is not a reason for severance. *Gardiner*, 463 F.3d at 473 ("Severance should not be granted where the same evidence is admissible against all defendants, nor should it be granted where evidence is admissible against some defendants but not others."); *United States v. Wagner*, 971 F.3d 1189, 1196 (6th Cir. 1992) ("[S]everance is not required if some evidence is admissible against some defendants but not others."). Accordingly, Defendant Allder has not convinced the Court that he will face compelling, specific, or actual prejudice if he is tried jointly with Defendants Avila and Green.

### B. Confrontation Clause

Mr. Allder also contends that his Sixth Amendment rights under the Confrontation Clause could be infringed if he must stand trial joint with Ms. Avila and Mr. Green. The Confrontation Clause guarantees criminal defendants the right "to be confronted with the witnesses against him." The Supreme Court has held that the right of confrontation includes the right to cross-examine witnesses. *See Pointer v. Texas*, 380 U.S. 400, 404, 406–07 (1965); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). When two or more defendants are tried jointly, any pretrial confession or statement of one cannot be admitted against the other. In *Burton v. United States*, the Supreme Court found that a limiting instruction to the jury, who is typically presumed to be capable of following such instructions, would not be sufficient to secure a defendant's rights under the Confrontation Clause if his co-defendant does not take the stand. *See Burton v. United States*, 391

U.S. 123, 137 (1968). For *Burton* to be implicated, however, there must necessarily be a statement or confession of a co-defendant for the prosecution to introduce. The Government submits that it does not possess any statements by either Defendant Avila or Defendant Green against Mr. Allder and does not intend to introduce any statements of this kind at trial. As such, currently there is no potential for a Confrontation Clause issue in a joint trial.

## IV. CONCLUSION

For the reasons articulated above, Defendant Allder's Motion to Sever (ECF No. 132) is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
United States District Judge

**DATED: June 22, 2021**